Alexis Roth
**WOLF BALDWIN & ASSOCIATES PC**
800 E. High Street
Pottstown, PA 19464
aroth@wolfbaldwin.com
Tel: (610) 323-7436

David D. Lin, Esq. (pro hac vice)
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Defendant Paul Saladino, MD*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TUFANO,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SALADINO, MD,<br>HEART & SOIL SUPPLEMENTS LLC<br><br>Defendants. | CIVIL DIVISION<br><br>Case No.: 3:26-cv-00396-JFS<br><br>(consolidated with 3:26-cv-01266-DFB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN INJUNCTION PURSUANT TO THE ALL WRITS ACT, 28 U.S.C. § 1651 DEEMING FRANK TUFANO A VEXATIOUS LITIGANT**

**TABLE OF CONTENTS**

STATEMENT OF FACTS .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

I. Tufano Abuses the Judicial Process to Pursue Quixotic Grudges .......... 3

II. Tufano Has Notice and An Opportunity to Respond .......... 5

III. The Injunction Requested is Narrowly Tailored .......... 5

CONCLUSION .......... 6

**TABLE OF AUTHORITIES**

**Cases**

*Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72 (3d Cir. 1989) ........................................ 4, 6

*Grossberger v. Ruane*, 535 F. App'x 84 (3d Cir. 2013) ........................................................ 2, 4, 5

*Hickman v. Cameron*, 531 F. App'x 209 (3d Cir. 2013) ................................................................ 2

*In re Oliver*, 682 F.2d 443 (3d Cir. 1982) ........................................................................................ 2

*Mina v. United States Dist. Ct. for E. Dist. Of Pennsylvania* , 710 F. App'x 515 (3d Cir. 2017) ... 4

*Tufano v. Nelson et al*, Case No. 3:26-cv-00542-JKM (M.D. Pa. March 4, 2026)......................... 2

*Tufano v. Saladino*, Case No. 3:25-cv-01400-RDM (M.D. Pa. July 29, 2025) .......................... 2, 5

*Tufano v. Shopify (USA) INC., et al.,* No. 3:25-CV-00316 (MD. Pa. February 21, 2025)............. 1

*Wirs v. Republican Nat'l Comm.*, No. CV 19-4072, 2021 WL 5822995 (E.D. Pa. Dec. 8, 2021) .. 5

*Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822 (3d Cir. 2019)........................................... 3, 5

**Statutes**

28 U.S.C. § 1651(a) ........................................................................................................................ 2

Defendant Paul Saladino, MD respectfully submits this Memorandum of Law in Support of his Motion pursuant to the All Writs Act, 28 U.S.C. § 1651(a) for an injunction deeming Frank Tufano a vexatious litigant and requiring he seek court permission for any future filings in the manner described below.

**STATEMENT OF FACTS**

This case is the latest in a long string of abusive suits Frank Tufano ("Tufano") has brought, seeking revenge for losing a court case over his defamatory statements towards Paul Saladino ("Saladino"). On November 7, 2020, Saladino sued Tufano in the United States District Court for the Southern District of New York. *Saladino v. Tufano, et al.*, Civ No. 7:20-CV-9346 (NSR). This suit (the "SDNY Action") was in response to Tufano's yearlong campaign of harassment against Saladino through defamatory online videos and cybersquatting. On January 30, 2025, Saladino won a default judgment in the SDNY Action enjoining Tufano from "making public statements referencing that [Saladino] copied, plagiarized, stole, or otherwise improperly used [Tufano's] or any third party's work". Since then, Tufano has brought countless lawsuits against Saladino and others involved in the SDNY Action. These frivolous, abusive lawsuits have been rejected across multiple jurisdictions.

In the last three years, Tufano has brought 55 cases in just the federal system. *See* Exhibit A to Declaration of David D. Lin. This does not include his many frivolous appeals in connection with those cases, or actions he has brought in state courts. Tufano has filed at least 22 separate, substantially similar actions in just the United States District Court for the Middle District of Pennsylvania in the past two years. Judges in this district have taken note of the sheer number of cases filed and their duplicative nature. *See Tufano v. Shopify (USA) INC., et al.,* No. 3:25-CV-00316 (MD. Pa. February 21, 2025) (Dkt. 11) (listing 21 other cases in this district). Plaintiff has

harassed numerous parties, including Saladino, by filing these meritless suits. He has also sued individual attorneys and even several federal judges.[1]

In these duplicative complaints, including this one, Tufano alleges that Saladino has maliciously copied Tufano's life work and discredited him. Tufano' suits have exhibited repeated substantive and procedural failings, which are discussed at length in the Motion to Dismiss and in the interest of brevity are not repeated here. *See* Dkt. 17 at pgs. 2 – 12.; *See also Tufano v. Saladino*, Case No. 3:25-cv-01400-RDM (M.D. Pa. July 29, 2025); *Tufano v. Nelson et al*, Case No. 3:26-cv-00542-JKM (M.D. Pa. March 4, 2026) (dismissing near-identical allegations for failure to state a claim).

**LEGAL STANDARD**

Courts in the Third Circuit may impose pre-filing injunctions to limit vexatious litigation conduct pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Hickman v. Cameron*, 531 F. App'x 209, 211 (3d Cir. 2013). This kind of conduct includes when a litigant brings "manifold complaints rais[ing] claims identical or similar to those that already have been adjudicated." *Id.* (quoting *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)). A district court can enjoin a pro se litigant from any future filings when three elements are met: (1) the pro se litigant has been "continually abusing the judicial process"; (2) the litigant is given notice and the opportunity to oppose the potential injunction; and (3) the injunction is "narrowly tailored" to the case. *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013).

---

[1] These cases include but are not limited to the following: *Tufano v. Saladino, et al*., No. 3:25-CV-262, 2025 WL 5100589, (M.D. Pa. Feb. 28, 2025), report and recommendation adopted, No. CV 3:25- 00262, 2025 WL 5100590 (M.D. Pa. Apr. 29, 2025); *Tufano v. Saladino*, No. 3:25-CV-1400, 2026 WL 796584, (M.D. Pa. Feb. 3, 2026), report and recommendation adopted, No. 3:25-CV-1400, 2026 WL 793305 (M.D. Pa. Mar. 20, 2026); *Tufano v. Saladino*, No. 4:25-CV-1960, 2025 WL 4102909, (M.D. Pa. Dec. 23, 2025), report and recommendation adopted, No. 4:25-CV-01960, 2026 WL 288410 (M.D. Pa. Feb. 3, 2026).

## ARGUMENT

Tufano has more than met the conditions required to enjoin a litigant, and the Court should exercise its power to issue an injunction limiting Tufano's ability to file any further duplicative lawsuits without first seeking permission from the Court.

Saladino requests an injunction barring Tufano from filing any suits stemming from the SDNY Action and related litigation, making any of the claims made in previous frivolous lawsuits: (1) fraud, (2) tortious interference, (3) fraudulent concealment, (4) civil conspiracy and (5) conspiracy against rights under 18 U.S.C.§ 241, or any claims with similar or identical allegations where any of the parties who have previously been included in these frivolous lawsuits are named defendants, including but not limited to: Paul Saladino, Heart & Soil Supplements LLC, Roman Stephen Nelson, Jeffery Davis, David D. Lin, White Plains Lodge, and any other judges involved in any of these proceedings.

### I. Tufano Abuses the Judicial Process to Pursue Quixotic Grudges

Tufano has repeatedly relitigated the same issues after receiving adverse rulings, demonstrating an unwillingness to accept court decisions and abuse of the judicial process that warrants restriction. *See Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 824 (3d Cir. 2019).

Tufano's conduct is exactly the type that courts have repeatedly held warrants intervention to limit meritless and incessant litigation. For instance, in *Yoder,* the Third Circuit found an injunction proper where the litigant brought multiple suits against similar parties stemming from the same foreclosure proceeding, like Tufano's repeated suits re-litigating the SDNY Action. *Id.* In at least one of the failed suits at issue in *Yoder*, the court explicitly stated further attempts to re-litigate the subject could lead to a pre-filing injunction, a warning the plaintiff ignored. *Id.* In *Grossberger v. Ruane*, the Third Circuit held an injunction restraining a litigant's ability to file suit was proper, where plaintiff brought multiple baseless lawsuits against the same parties and

pertaining to the same claims and facts "establish[ing] a pattern of groundless and vexatious litigation," a pattern also presented by Tufano's series of suits. 535 F. App'x 84, 86 (3d Cir. 2013) (internal marks omitted).

Tufano's conduct maps exactly onto these cases. He has repeatedly brought the same lawsuits, continually disregarded court orders, and repeatedly attempted to dispute previous court findings by claiming the courts and even specific judges are acting maliciously against him. *See* Compl., among many others.[2] This Court recognized this pattern when it consolidated the two cases at issue here, deemed the complaints "identical" and noted "[t]his is not the first lawsuit in which Tufano makes these allegations. In fact, we recommended dismissal of an almost identical case in February of 2025". Dkt. 5.

Courts have consistently held that repeated, identical, and meritless filings are an appropriate basis for granting an injunction limiting the litigant's ability to file additional lawsuits. In *Mina v. United States Dist. Ct. for E. Dist. Of Pennsylvania*, the Third Circuit, found an injunction appropriate where plaintiff had filed at least a dozen "virtually identical" lawsuits attempting to relitigate the same claims and seeking the same relief the courts already held were unavailable in federal court. 710 F. App'x 515, 518 (3d Cir. 2017) ("The repetitive, meritless, and vexatious nature of Mina's filings support the District Court's remedy"). In *Chipps v. U.S.D.C. for the M.D. of Pa.*, after four substantially similar lawsuits pertaining to a student loan, the Third Circuit upheld an injunction requiring the plaintiff receive "court permission for all subsequent filings" pertaining to the same claims and parties. 882 F.2d 72, 73 (3d Cir. 1989).

---

[2] These many lawsuits also include the following: *Tufano v. Saladino, et al.*, No. 3:25-CV-262, 2025 WL 5100589, (M.D. Pa. Feb. 28, 2025), *report and recommendation adopted*, No. CV 3:25- 00262, 2025 WL 5100590 (M.D. Pa. Apr. 29, 2025); *Tufano v. Saladino*, No. 3:25-CV-1400, 2026 WL 796584, (M.D. Pa. Feb. 3, 2026), *report and recommendation adopted*, No. 3:25-CV-1400, 2026 WL 793305 (M.D. Pa. Mar. 20, 2026); *Tufano v. Saladino*, No. 4:25-CV-1960, 2025 WL 4102909, (M.D. Pa. Dec. 23, 2025), *report and recommendation adopted*, No. 4:25-CV-01960, 2026 WL 288410 (M.D. Pa. Feb. 3, 2026) (detailing the various deficiencies in Tufano's many previous complaints).

Tufano's abusive litigation has even extended to judges who have overseen his cases, claiming without evidence they acted out of bias. Tufano claims he must continue to sue because his claims have never been properly adjudicated—even though multiple courts have reviewed them and judged the allegations meritless. *See e.g., Tufano v. Saladino*, Case No. 3:25-cv-01400-RDM (M.D. Pa. July 29, 2025) (reaching such a holding).

Plaintiff's abuse of the court process, including continued false statements regarding previous cases, including the SDNY Action, makes the requested relief here appropriate. Where a plaintiff "regularly mischaracterize[s], misinterpret[s], or simply ignore[s] the clear orders of federal courts," sanctions such as a vexatious litigant injunction are appropriate. *See Wirs v. Republican Nat'l Comm.*, No. CV 19-4072, 2021 WL 5822995, at *9 (E.D. Pa. Dec. 8, 2021) (holding a plaintiff who brought multiple suits seeking to confirm fake arbitral awards was subject to vexatious litigant injunction and other sanctions).

## II. Tufano Has Notice and An Opportunity to Respond

Tufano, through this motion and the dismissal of his many previous unfounded suits has been provided the requisite notice, and he will have the opportunity to respond prior to the court's ruling. *See Grossberger v. Ruane*, 535 F. App'x 84, 87 (3d Cir. 2013); *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 825 (3d Cir. 2019) (issuing injunctions after such notice was provided to the litigant).

## III. The Injunction Requested is Narrowly Tailored

Saladino's requested injunction is narrowly tailored. Courts require that any vexatious litigant injunction be narrowly tailored, meaning that the injunction directly addresses the harm of repeated, meritless filings on the same or similar underlying subject matter without compromising rights of due process and access to the courts. *See Yoder*, 765 F. App'x at 825 (holding an injunction specific to claims regarding the underlying mortgage foreclosure which prompted the series of

meritless suits appropriately narrow); *Chipps*, 882 F.2d at 73 (limiting scope of injunction to a specific underlying matter that triggered the abusive litigation).

Saladino's request is in line with these holdings and narrowly tailored to these circumstances as Saladino requests only an injunction barring Tufano from filing any lawsuits, without first seeking this court's approval stemming from the SDNY Action and related litigation, making any of the claims made in previous frivolous lawsuits: (1) fraud, (2) tortious interference, (3) fraudulent concealment, (4) civil conspiracy and (5) conspiracy against rights under 18 U.S.C.§ 241, or any claims with similar or identical allegations where any of the parties who have previously been included in these frivolous lawsuits are named defendants, including but not limited to: Paul Saladino, Heart & Soil Supplements LLC, Roman Stephen Nelson, Jeffery Davis, David D. Lin, White Plains Lodge, and any other judges involved in any of these proceedings.

This is narrowly tailored as it only requests an injunction as to the claims repeatedly brought pertaining to the same facts and against the same parties.

## CONCLUSION

For the foregoing reasons, Paul Saladino respectfully requests the Court issue an injunction deeming Tufano a vexatious litigant and enjoin him from any further harassing and meritless filings without prior court approval.

Dated: September 16, 2026

Respectfully Submitted,

*/s/ David D. Lin*

Alexis Roth
**WOLF BALDWIN & ASSOCIATES PC**
800 E. High Street
Pottstown, PA 19464
aroth@wolfbaldwin.com
Tel: (610) 323-7436

David D. Lin, Esq. (pro hac vice)
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Defendant Paul Saladino, MD*