**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK TUFANO,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SALADINO, MD,<br>HEART & SOIL SUPPLEMENTS LLC,<br><br>Defendants. | Case No. 3:26-cv-00396-JFS<br>Related Case: 3:26-cv-01266-DFB<br><br>(Hon. Joseph F. Saporito, Jr.) |

**<u>REPLY BRIEF IN SUPPORT OF DEFENDANT HEART & SOIL SUPPLEMENTS LLC'S MOTION TO DISMISS COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Plaintiff's second Opposition is an improper attempt to relitigate arguments already raised and addressed. ........ 2

B. Plaintiff's pro se status does not excuse deficient pleading. ........ 3

C. Plaintiff's alleged difficulty serving HSS does not excuse non-compliance with Rule 4. ........ 4

D. Plaintiff's claims are barred by res judicata. ........ 5

E. The statute of limitations bars all of plaintiff's claims. ........ 6

F. Plaintiff is not entitled to discovery to cure deficient pleading. ........ 7

G. Plaintiff has not established personal jurisdiction over HSS. ........ 8

H. Plaintiff's Conspiracy Allegations Are Baseless and Frivolous. ........ 9

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................3
*Ayres v. Jacobs & Crumplar, P.A.*,
99 F.3d 565 (3d Cir. 1996) ..........................................................................4
*Beasley v. Howard*,
14 F.4th 226 (3d Cir. 2021) ..........................................................................3
*Brooks-McCollum v. Emerald Ridge Serv. Corp.*,
563 Fed. Appx. 144 (3d Cir. 2014) ...............................................................5
*Coulter v. Paul Laurence Dunbar Cmty. Ctr.*,
2016 WL 1535084 n.3 (W.D. Pa. Apr. 15, 2016) ..........................................8
*Dickens v. District of Columbia*,
502 F.Supp.2d 90 (D.D.C. 2007)...................................................................2
*DiPaolo v. Moran*,
407 F.3d 140 (3d Cir. 2005) ........................................................................10
*Federated Dep't Stores, Inc. v. Moitie*,
452 U.S. 394, 101 S. Ct. 2424 .......................................................................6
G*ambocz v. Yelencsics*,
468 F.2d 837 (3d Cir. 1972) ..........................................................................6
*Ghrist v. CBS Broad., Inc.*,
40 F.Supp.3d 623 (W.D. Pa. 2014) ...............................................................7
*Haines v. Kerner*,
404 U.S. 519 (1972) ......................................................................................3
*In re Mullarkey*,
536 F.3d 215 (3d Cir. 2008) ..........................................................................6
*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013) ..........................................................................3
*Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*,
726 F.3d 387 (3d Cir. 2013) ..........................................................................5
*McNeil v. United States,*
508 U.S. 106 (1993) ......................................................................................3
*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ..........................................................................9

*Ranke v. Sanofi-Synthelabo Inc.*,
436 F.3d 197 (3d Cir. 2006) ....................8
*Riad v. Porsche Cars North America, Inc.*,
657 F.Supp.3d 695 (E.D. Pa. 2023)....................9

Statutes

42 Pa. C.S.A. § 5524(7) ....................6

Rules

Federal Rule of Civil Procedure 4(m)....................4
Federal Rule of Civil Procedure 12(b)(6) ....................6
Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) ...........1
Rule 4 ....................5

## I. INTRODUCTION

Defendant Heart & Soil Supplements LLC ("HSS") respectfully submits this Reply Brief in further support of its Motion to Dismiss Plaintiff Frank Tufano's Complaint (ECF No. 11), and in response to Plaintiff's second Opposition (ECF No. 19).

On August 19, 2026, HSS filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). ECF No. 11. That Motion stated that the grounds for dismissal would be "fully set forth in its forthcoming Brief in Support of Motion to Dismiss," which would be "filed in accordance with Local Rule 7.5." *Id.* at 1-2.

On August 24, 2026—before HSS had even filed its Brief in Support—Plaintiff filed a premature one-page "Opposition to Motion to Dismiss." ECF No. 14. That filing raised six cursory objections, none supported by legal authority, evidence, or citations to Plaintiff's complaint. On September 2, 2026, HSS filed its Brief in Support of the Motion to Dismiss, which thoroughly addresses each argument raised in Plaintiff's premature Opposition. ECF No. 15. On September 9, 2026, Plaintiff filed a second, procedurally improper opposition (ECF No. 19)—which this Reply addresses—that largely rehashes the same unsupported arguments from his first opposition.

Neither of Plaintiff's oppositions overcomes the fundamental legal deficiencies identified in HSS's Motion to Dismiss. The claims remain barred by res judicata, time-barred by the statute of limitations, insufficiently pleaded, improperly served, and brought in a forum that lacks personal jurisdiction over HSS. Each of Plaintiff's arguments is addressed in turn below.

## II. ARGUMENT

### A. Plaintiff's second Opposition is an improper attempt to relitigate arguments already raised and addressed.

Plaintiff already had an opportunity to oppose HSS's Motion to Dismiss. On August 24, 2026, he filed a one-page Opposition (ECF No. 14) before HSS filed its Brief in Support. That filing raised six conclusory objections, none supported by legal authority or analysis.

Having filed an opposition, Plaintiff is not entitled to a second bite at the apple by submitting another opposition raising largely the same arguments. This Court's Local Rules establish a clear briefing sequence for motions and contemplate one opposition brief followed by one reply, not successive opposition briefs to the same motion. LR 7.5-7.7. A second opposition brief filed without the Court's leave is not permitted. *See Dickens v. District of Columbia*, 502 F.Supp.2d 90, 94 (D.D.C. 2007) (granting motion to strike plaintiff's second opposition to a motion to dismiss because "a second opposition is not permitted absent leave of the Court"). Plaintiff's

second Opposition (ECF No. 19) is therefore procedurally improper and should be stricken or disregarded.

**B. Plaintiff's pro se status does not excuse deficient pleading.**

Procedural deficiencies aside, Plaintiff's second Opposition is no more meritorious than his first. First, Plaintiff relies on *Haines v. Kerner*, 404 U.S. 519 (1972), to argue that pro se pleadings are entitled to "less stringent standards." ECF No. 19 at 2. That reliance is misplaced. The Third Circuit has made clear that liberal construction of pro se filings does not relieve a plaintiff of the obligation to satisfy the plausibility standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) ("A claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim. . . . And they still must serve process on the correct defendants. . . . At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Plaintiff's pro se status affords him no refuge here. His complaint is devoid of the

factual content necessary to state a plausible claim for relief and must therefore be dismissed.

**C. Plaintiff's alleged difficulty serving HSS does not excuse non-compliance with Rule 4.**

Plaintiff contends that he had difficulty effecting service because "the defendant" was "avoiding service" as he lives "in Costa Rica." ECF No. 19 at 2. This argument is irrelevant since it alludes to Defendant Paul Saladino, MD—*not HSS*.

HSS is a Texas-based limited liability company with its principal place of business in Dripping Springs, Texas—not Costa Rica. Schneider Dec. ¶ 3. Plaintiff's vague allegations about a separate defendant evading service do not and cannot pertain to HSS. In any case, the fact remains that Plaintiff did not file a proof of service until July 31, 2026—more than five months after the Complaint was filed on February 17, 2026, and far beyond the 90-day deadline prescribed by Rule 4(m). Moreover, Plaintiff created his own summons without the Clerk's signature or the Court's seal, in direct violation of Rule 4(a). *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996). Plaintiff offers no possible explanation for his failure

to serve HSS—a domestic company with a known business address—within the time required by Federal Rule of Civil Procedure 4(m).[1]

### D. Plaintiff's claims are barred by res judicata.

As set forth in HSS's motion to dismiss, all three elements of the Third Circuit's res judicata test are satisfied: (1) a final judgment on the merits in *Tufano I*; (2) the same parties or their privies—HSS is in privity with Dr. Saladino, who is listed as the company's Vice President with the Texas Secretary of State (*see Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 Fed. Appx. 144, 146 (3d Cir. 2014)); and (3) the same cause of action, arising from the identical nucleus of operative facts. *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013).

Plaintiff argues that this lawsuit is "not duplicative" and raises "new claims" but fails to identify any new claims. ECF No. 19 at 2. Indeed, Plaintiff's complaint in this action asserts the exact same claims against Dr. Saladino in *Tufano v. Saladino*, Case No. 3:25-cv-01400-RDM ("*Tufano I*"). That case was dismissed with prejudice on March 20, 2026. Adding HSS as a defendant does not transform these claims into "new" ones. Under Third Circuit precedent, res judicata bars "not only

[1] Plaintiff also complains about the perceived unfairness of service procedures in a separate case. ECF No. 19 at 3. These grievances have no bearing on this proceeding. The question before the Court is whether Plaintiff served HSS in compliance with Rule 4 in this case. He did not.

claims that were brought in a previous action, but also claims that *could have been brought*." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Plaintiff knew of HSS and its relationship to Dr. Saladino at the time he filed *Tufano I*—indeed, the Complaint in this action acknowledges that HSS is Dr. Saladino's supplement company. Compl. ¶ 6. Plaintiff could have—and should have—joined HSS in the prior action. His failure to do so does not entitle him to a second bite at the apple.

Finally, Plaintiff argues that res judicata cannot apply because "no trial" occurred in the prior action. ECF No. 19 at 2. But, it is well established that a dismissal with prejudice constitutes a final judgment on the merits for purposes of res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399, 101 S. Ct. 2424, 2428, 69 n.3 L. Ed. 2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (cleaned up); G*ambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits . . . Therefore res judicata bars relitigation of the claims dismissed in the prior suit."). Thus, this action is plainly barred by the doctrine of res judicata.

**E. The statute of limitations bars all of plaintiff's claims.**

All of Plaintiff's tort claims are subject to a two-year statute of limitations under 42 Pa. C.S.A. § 5524(7). Plaintiff admits that he discovered Dr. Saladino's alleged plagiarism in "early 2019" (ECF No. 1 ¶ 3)—approximately seven years

before filing this lawsuit in February 2026. He also raised the same claims against Dr. Saladino in litigation as early as January 2021. And, Plaintiff states no facts or makes any allegations indicating that HSS acted within the statute of limitations period. Thus, no matter how the accrual date is calculated, Plaintiff's claims are untimely by years. Plaintiff attempts to circumvent this reality by claiming that the content "is still actively being viewed and watched on social media." ECF No. 19 at 2. This argument fails. Not only does Tufano fail to identify any such social media posts or reference any allegations in his complaint that would support this position, this argument is also foreclosed by the single publication rule. Under the single publication rule, the statute of limitations begins to run when the allegedly tortious material is *first published*, not when it continues to be viewed or accessed by third parties. *Ghrist v. CBS Broad., Inc.*, 40 F.Supp.3d 623, 628 (W.D. Pa. 2014). The continued availability of online content does not restart the limitations period with each new view. *See id.*

**F. Plaintiff is not entitled to discovery to cure deficient pleading.**

Plaintiff requests "early discovery" and subpoena power in the event the Court finds his claims insufficient. ECF No. 19 at 3. But it is well established that discovery is not designed to provide a plaintiff with the facts necessary to create a cause of action; it is intended to enable a party to prove facts already alleged. If the Complaint fails to state a claim, it must be dismissed—Plaintiff cannot use discovery as a

fishing expedition to uncover facts he should have alleged in the first instance. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) (rejecting plaintiff's argument that "because discovery may reveal [the defendants] engaged in 'fraud or concealment' dismissal of the complaint was premature" because allowing discovery would permit the plaintiff "to conduct a fishing expedition in order to find a cause of action"); *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 2016 WL 1535084, at *1 n.3 (W.D. Pa. Apr. 15, 2016) ("[P]laintiffs are burdened with setting forth sufficient facts in their complaints to set forth plausible claims. The doors to discovery are not opened upon the filing of a complaint to allow a plaintiff to engage in a fishing expedition to discover facts to defend against a motion to dismiss.").[2]

**G. Plaintiff has not established personal jurisdiction over HSS.**

Plaintiff argues that personal jurisdiction exists because HSS's products were "coped [*sic*] from Frank Tufano's" Pennsylvania businesses. ECF No. 19 at 3. Even accepting this allegation as true for purposes of this motion, it does not establish personal jurisdiction.

First, HSS is a Texas limited liability company that maintains its principal place of business in Dripping Springs, Texas so this court cannot exercise general

---

[2] Plaintiff contends that dismissal of his Complaint would violate his constitutional and jury trial rights. ECF No. 19 at 3. This argument fails for the reasons set forth *supra*.

jurisdiction over HSS. *Riad v. Porsche Cars North America, Inc.*, 657 F.Supp.3d 695, 701 (E.D. Pa. 2023) ("Because its place of incorporation and its principal place of business are not in Pennsylvania, this Court is unable to exercise general jurisdiction over" defendant). And, the constitutional test for specific personal jurisdiction asks whether *the defendant* purposefully directed its activities at the forum state—not whether the plaintiff happens to reside there. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). HSS does not maintain offices, employees, agents, bank accounts, or property in Pennsylvania. Schneider Dec. ¶ 4. While HSS has sold products to Pennsylvania customers through its website, those sales accounted for less than 3% of total revenue in 2025. Schneider Dec. ¶ 5. And, none of Plaintiff's claims arise out of or relate to HSS's de minimis contacts with the state. Each claim arises from allegations that Dr. Saladino and various "Secret Society" members conspired to steal Plaintiff's "life's work." HSS has nothing to do with these allegations. Exercising specific jurisdiction here would therefore offend, rather than comport with, "traditional notions of fair play and substantial justice." *O'Connor,* 496 F.3d at 317, 324. Tufano's Complaint should accordingly be dismissed for lack of personal jurisdiction.

### H. Plaintiff's Conspiracy Allegations Are Baseless and Frivolous.

Finally, Plaintiff alleges that the court system is biased and that "Secret Society members" receive preferential treatment. ECF No. 19 at 3–4. These

accusations are entirely unsupported, legally irrelevant, and do not constitute cognizable legal arguments. They warrant no substantive response.

## III. CONCLUSION

For all the foregoing reasons, and the reasons set forth in HSS's motion to dismiss Defendant Heart & Soil Supplements LLC respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.[3]

[3]Although Plaintiff apparently opposed HSS' motion to dismiss, he did not oppose Dr. Saladino's motion and has now waived any arguments in response to that motion. *DiPaolo v. Moran*, 407 F.3d 140, 144-45 (3d Cir. 2005) (affirming grant of unopposed motion where no responsive pleading was filed and the "motion here did not involve obvious facial deficiencies"). Accordingly, the Court should grant Dr. Saladino's motion and dismiss the case with prejudice as to both defendants since the same deficiencies apply to both parties.

Dated: September 23, 2026

KIBLER FOWLER & CAVE LLP

By: /s/ Stephen F. Raiola

Stephen F. Raiola
PA Bar No. 329983
270 Madison Avenue
Suite 1410
New York, New York 10016
Telephone: (917) 909-6350
Facsimile: (917) 909-6357
sraiola@kfc.law

John D. Fowler
Kevin J. Cammiso
Anna Hunanyan
11100 Santa Monica Boulevard,
Suite 600
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401
jfowler@kfc.law
kcammiso@kfc.law
ahunanyan@kfc.law
(*Pro Hac Vice Applications Forthcoming*)

*Attorneys for Defendant*
*Heart & Soil Supplements LLC*

**CERTIFICATE OF COMPLIANCE**

I, Stephen F. Raiola, hereby certify, pursuant to Local Rule 7.8(b)(2), that this brief complies with the word-count limit allowed by the Court. According to the word-count feature of the word processing system, the word-count for this brief, excluding the caption page, tables of contents and authorities, and signature block, is 2,285 words.

Dated: September 23, 2026

KIBLER FOWLER & CAVE LLP

By: /s/ Stephen F. Raiola

Stephen F. Raiola
PA Bar No. 329983
270 Madison Avenue
Suite 1410
New York, New York 10016
Telephone: (917) 909-6350
Facsimile: (917) 909-6357
sraiola@kfc.law

John D. Fowler
Kevin J. Cammiso
Anna Hunanyan
11100 Santa Monica Boulevard,
Suite 600
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401
jfowler@kfc.law
kcammiso@kfc.law
ahunanyan@kfc.law
(*Pro Hac Vice Applications Forthcoming*)

*Attorneys for Defendant*
*Heart & Soil Supplements LLC*